MEMORANDUM **
Osbaldo Serratos Gonzalez, a native and citizen of Mexico and permanent resident of the United States, petitions for review of the Board of Immigration Appeals’ (“BIA”) order dismissing his appeal from an immigration judge’s (“IJ”) decision finding him removable for participating in alien smuggling. We have jurisdiction pursuant to 8 U.S.C. § 1252. Reviewing for substantial evidence, “we affirm only if the agency has successfully carried [its] heavy burden of clear, unequivocal, and convincing evidence.” Hernandez-Guadarrama v. Ashcroft, 394 F.3d 674, 679 (9th Cir.2005) (internal quotation marks and alteration omitted). Because the *630 agency’s proof that Petitioner knowingly participated in attempting to smuggle the undocumented alien Ruben Dominguez-Castellanos into the United States was not sufficient to carry its burden, we grant the petition for review. See 8 U.S.C. § 1182(a)(6)(E)© (smuggler must “knowingly [have] encouraged, induced, assisted, abetted, or aided” another alien’s attempted illegal entry) (emphasis added).
The agency relied on the IJ’s speculation that Petitioner’s explanation that he drove to Tijuana and picked up Dominguez-Castellanos as a favor was implausible. See Zhou v. Gonzales, 437 F.3d 860, 865 (9th Cir.2006) (speculation as to implausibility of what petitioner “would or would not do” was insufficient to support IJ’s disbelief).
The agency also relied on the circumstantial evidence that Petitioner entered Mexico and attempted to reenter the United States through the Otay Mesa port of entry rather than the San Ysidro port of entry. The IJ concluded that Otay Mesa was a preferable reentry point, and that Petitioner chose Otay Mesa as such, after she took administrative notice that Otay Mesa was a smaller port of entry than San Ysidro, had fewer security personnel than San Ysidro, and had only recently begun extended operational hours. However, Petitioner was not given notice or provided a reasonable opportunity to rebut these extra-record facts. See Circu v. Gonzales, 450 F.3d 990, 993 (9th Cir.2006) (en banc) (notice and opportunity either to rebut or show cause why administrative notice should not be taken required for “more controversial or individualized facts”). Moreover, Petitioner was not provided an opportunity to explain why he attempted to reenter the United States at Otay Mesa. See Chen v. Ashcroft, 362 F.3d 611, 618 (9th Cir.2004) (requiring “reasonable opportunity to explain” basis of IJ’s disbelief).
The agency also relied on the testimony of Customs and Border Protection Officers Leticia Rodriguez and Jorge Ve-larde. Officer Rodriguez, who authored the 1-877 Record of Sworn Statement containing Petitioner’s testimony during his sworn interview, testified consistently with the 1-877 that Petitioner denied knowing Dominguez-Castellanos or his undocumented status, and that he stated he was taking Dominguez-Castellanos back to Whittier, California. Officer Rodriguez testified that she nonetheless believed Petitioner knew Dominguez-Castellanos’ undocumented status because Petitioner was the driver of the car, he had gone to Tijuana at a late hour for the sole purpose of picking up Dominguez-Castellanos, and he was nervous when questioned. For those reasons, and “also because [Petitioner] was a legal permanent resident,” Officer Rodriguez testified she “sent him up” for removal proceedings. However, Officer Rodriguez also testified that most people she interviews are nervous. Moreover, Petitioner’s presence with an undocumented alien in a vehicle that had traveled to Tijuana at a late hour, and certainly his status as a permanent resident, do not constitute clear, unequivocal, and convincing evidence of his knowing participation in alien smuggling. See Altamirano v. Gonzales, 427 F.3d 586, 592 (9th Cir.2005) (mere presence in vehicle insufficient to support smuggling charge).
Officer Velarde authored the G-166 Report of Investigation (“G-166”). After refreshing his memory by reviewing the G-166 at the hearing, Officer Velarde testified consistently with the G-166 that Petitioner stated he was taking Dominguez-Castellanos to a McDonald’s restaurant. Officer Velarde testified that in his experience McDonald’s restaurants are known *631 “drop-off’ points used by smugglers. Officer Velarde also testified that the G-166 was accurate. However, the first page of the G-166 erroneously identified Petitioner as the “Smuggled Alien” and Dominguez-Castellanos as the “Principal” subject of the report. In addition, the statements attributed to Petitioner in the G-166 were a summary of Officer Velarde’s notes, taken on scratch paper that was subsequently shredded, from an interview separate from the sworn interview underlying the 1-877. There was no indication on the G-166 or otherwise that an oath was administered during that separate interview. In light of Petitioner’s testimony to the contrary, the circumstantial evidence contained in the G-166 therefore does not constitute clear, unequivocal, and convincing evidence of Petitioner’s knowing participation. See Singh v. Gonzales, 403 F.3d 1081, 1087-88 (9th Cir.2005) (questioning reliability of document containing officer’s summation of interview with no indication whether oath was administered).
Like Officer Rodriguez, Officer Velarde testified that he was motivated to pursue the case because of Petitioner’s status as a permanent resident. In fact, Officer Velarde testified that he pursued the case because of “[t]he short amount of time that [Petitioner] had as a legal permanent resident, and him not knowing this person [Dominguez-Castellanos].” According to Velarde, “[t]hat was a big deal, not knowing this person and [Petitioner’s] short time as a permanent resident” because Petitioner was warned to obey the immigration laws when he received his permanent resident card. Testimony from an investigating officer indicating that the case was pursued because the officer believed Petitioner should have known Dominguez-Castellanos’ status does not constitute clear, unequivocal, and convincing evidence that Petitioner did know that Dominguez-Castellanos lacked documentation to legally enter the United States. See 8 U.S.C. § 1182(a)(6)(E)(i) (alien must knowingly participate in alien smuggling).
Finally, we find no support in the record for the IJ’s conclusion that Petitioner told Officer Velarde that he “saw” the third occupant of the vehicle provide the birth certifícate that Dominguez-Castellanos falsely presented as his own at the port of entry.
The agency’s proof in this case was not sufficient to carry its burden. Accordingly, we vacate the order of removal and reverse the BIA’s decision. See Hernandez-Guadarrama, 394 F.Sd at 688 (order of deportation vacated and BIA decision reversed where evidence was insufficient to carry government’s “very demanding” burden).
PETITION FOR REVIEW GRANTED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.